Filed 8/24/20 In re D.H. CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re D.H., et al., Persons Coming Under Juvenile Court Law. | B302142 |
| LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES, | (Los Angeles County Super. Ct. No. 17CCJP02148) |
| Plaintiff and Respondent, | |
| v. | |
| L.N., | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Kim L. Nguyen, judge pro tempore. Dismissed.

Jacques Alexander Love, under appointment by the Court of Appeal, for Defendant and Appellant.

Mary C. Wickham, County Counsel, and Kim Nemoy, Principal Deputy County Counsel, for Plaintiff and Respondent.

_____

## INTRODUCTION

Mother appeals from the termination of her parental rights, raising a single argument — the juvenile court and the Department of Children and Family Services (DCFS) failed to comply with the Indian and Child Welfare Act (ICWA). (25 U.S.C. § 1901 et seq.)  Specifically, mother argues that neither the court nor DCFS inquired of paternal relatives whether father, who was deceased, had Indian ancestry.  We dismiss the appeal as moot because while the appeal was pending, DCFS presented evidence from the paternal relatives that father had no Indian ancestry and the trial court found for a second time that ICWA did not apply.

### *FACTUAL AND PROCEDURAL BACKGROUND*

Mother has three children (ages nine, seven, and five when DCFS initiated proceedings in 2017).  Father died in 2013.  On November 30, 2017, DCFS filed a Welfare and Institutions Code section 300 petition alleging that mother had a history of engaging in altercations with relatives in the presence of her children and used inappropriate physical discipline on her oldest child.[1]

On December 1, 2017, the court detained all three children from mother.  Mother filed paternity questionnaire forms for each child, showing father was deceased.  The court acknowledged the paternity forms and found father to be an alleged father.

At this hearing, mother claimed to have Indian ancestry through the Tarasco tribe, which the juvenile court later confirmed was not a federally recognized tribe.  The court

---

[1]    All subsequent statutory references are to the Welfare and Institutions Code.  This is a fast track juvenile dependency case. Because of delays caused by the COVID-19 pandemic and further proceedings in the trial court related to the issue on appeal, the court finds good cause to file this opinion after the 250th day.

2

questioned mother about deceased father's ancestry. The court asked mother: "Do you have any reason to know whether [father] had any American Indian ancestry?" She replied: "Their father, not that I know of." Paternal grandmother and a paternal aunt were present in court but the court did not ask them about father's ancestry. The court found there was no reason to know ICWA applied. The record does not contain evidence that DCFS ever asked paternal relatives about father's ancestry.

In February 2018, the court declared the children dependents under section 300, subdivision (b), removed them from mother's custody, and ordered DCFS to provide reunification services. In March 2018, DCFS placed the children in the home of the paternal grandmother and aunt. A year later, the juvenile court terminated mother's reunification services. On November 6, 2019, the court terminated parental rights to free the children for adoption by the paternal grandmother and aunt.

Mother filed a notice of appeal on November 7, 2019, challenging the termination of her parental rights.

## DISCUSSION

Mother argues the order terminating parental rights must be reversed because DCFS did not inquire about the children's Indian ancestry through their father's lineage. Specifically, mother asserts the paternal grandmother and aunt should have been questioned about father's heritage. "We review a court's ICWA findings for substantial evidence." (*In re Austin J.* (2020) 47 Cal.App.5th 870, 885 (*Austin J.*).)

"Under California law, the court and county child welfare department 'have an affirmative and continuing duty to inquire whether a child,' who is the subject of a juvenile dependency petition, 'is or may be an Indian child.' [Citations.] The child welfare department's initial duty of inquiry includes 'asking the child, parents, legal guardian, Indian custodian, extended family

3

members, others who have an interest in the child, and the party reporting child abuse or neglect, whether the child is, or may be, an Indian child and where the child, the parents, or Indian custodian is domiciled.' (§ 224.2, subd. (b).)" (*Austin J., supra,* 47 Cal.App.5th at p. 883.)

Here, the court took mother's lack of knowledge about father's lineage as conclusive proof of no Indian ancestry in December 2017. This, without further inquiry, was error.

DCFS, nevertheless, later remedied this error by asking the paternal grandmother and aunt whether father had Native American Indian ancestry; they answered in the negative. DCFS filed a report documenting these statements with the juvenile court on May 5, 2020, while this appeal was pending. On July 9, 2020, the juvenile court issued a post judgment order, finding that ICWA did not apply based on the new information.[2] On July 13, 2020, DCFS moved to dismiss the appeal, asserting that the appeal is now moot. We agree the appeal is moot as substantial evidence supports the court's finding that ICWA does not apply.

Mother opposed the motion to dismiss and request for judicial notice, arguing that because the matter was "walked on calendar" for an ICWA finding, neither mother nor her counsel attended the hearing, nor were they able to review and be in a position to object to the documents submitted by DCFS.

We conclude the lack of notice to mother of this hearing was harmless error. (*In re J.P.* (2017) 15 Cal.5th 789. 798 ["The harmless error analysis applies in juvenile dependency

---

[2] We grant DCFS's May 12, 2020 request for judicial notice of its "Last Minute Information for the Court" document filed with the juvenile court on May 5, 2020, and its July 13, 2020 request for judicial notice of the juvenile court's corresponding July 9, 2020 order. (See Evid. Code, §§ 459, 452.)

4

proceedings even where the error is of constitutional dimension."].)  At the outset of the dependency case, mother indicated that she did not have any evidence regarding father's Indian heritage.  On appeal, she does not indicate that she now has any information of Native American ancestry she would present to the trial court.  We conclude that mother's presence at the hearing would have had no bearing on the trial court's order.

### DISPOSITION

The appeal is dismissed.


                                        RUBIN, P. J.

I CONCUR:



          MOOR, J.




5

In re D.H., et al.
B302142


BAKER, J., Concurring


I agree the appeal should be dismissed as moot. L.N.'s absence from the judicially noticed proceeding in which the juvenile court found the Indian Child Welfare Act inapplicable does not undermine that finding. Mother had no stake in the outcome of that proceeding, having previously asserted (as the juvenile court found) that the father had no Indian ancestry. Further, in this court, Mother does not challenge or otherwise object to the report the Department of Children and Family Services submitted recounting the paternal aunt and grandmother's statements.


BAKER, J.